IN THE UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMERICAN ECONOMY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv0840-MHT |
| ) | |
| JONATHAN RUTLEDGE d/b/a ) | |
| Jonathan's Deli ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is the plaintiff American Economy Insurance Company's ["AEI"] motion for summary judgment (Doc. # 18), which was accompanied by a supporting brief and evidentiary submissions (Docs. # 17, 21). The defendant, Jonathan Rutledge ["Rutledge"], responded with an unsworn statement and evidentiary submissions (Doc. # 25), to which AEI replied (Doc. # 26). Having reviewed the parties' submissions along with the pleadings on file, the Magistrate Judge recommends that the motion be denied.

**SUMMARY JUDGMENT STANDARD**

Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." ***Green v. Pittsburgh Plate***

*& Glass Co.*, 224 F. Supp. 2d 1348, 1352 (N.D. Ala. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A judge's guide is the same standard necessary to direct a verdict: 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* at 259. "Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore, the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## DISCUSSION

In this case, AEI contends that it is not required to pay the proceeds on Rutledge's insurance policy on a building that Rutledge was subsequently convicted of burning down (Doc. # 17-28, p. 71).

AEI presents three theories upon which it bases its claim to entitlement of summary judgment. The first is that it has presented sufficient evidence to establish preemptively the affirmative defense of arson, which generally is applied in cases wherein the insured files a civil action against the insurer to require the insurer to pay the insured's claim. *See*, *e.g.*, *Mueller v. Hartford Ins. Co. of Ala.*, 475 So.2d 554, 557 (Ala. 1985) (quoting *Cont'l Cas. Co. v. Paul*, 95 So. 814 (Ala. 1923) for the proposition that "[t]o sustain the defense of arson, the insurer, when relying on circumstantial proof, must present evidence which is so convincing that it will sustain no other reasonable hypothesis but that the plaintiff was

responsible for the fire").

The second two theories sound in contract. That is, the insurance policy at issue specifically provides that AEI will not pay "for loss or damage caused by or resulting from . . . dishonest or criminal acts by [the insured] . . ." and "is void in any case of fraud by [the insurer] as it relates to this policy at any time" (Doc. # 17-2, p. 34; 64-65).

Each theory is premised upon AEI's contention that Rutledge was involved in the burning of the subject property (Doc. # 21). Rutledge does little to deflect this charge.

In his response to AEI's motion, Rutledge neither admitted nor expressly denied any involvement in the fire. Moreover, he utterly failed to comply with Rule 56 of the Federal Rules of Civil Procedure, despite the court's order explaining to him the requirements for responding to AEI's motion and the consequences of failing to do so (See Doc. # 22).

Rutledge's failure would seem to bode well for AEI, but alas, the insurer nonetheless is hoist upon its own petard. In support of its motion, AEI provided, *inter alia*, an apparently complete copy of the transcript of Rutledge's criminal trial, including testimony from witnesses Rutledge called to establish an alibi as well as his own testimony in which Rutledge denied under oath the material allegations underlying the charge of arson. Therefore, drawing all inferences in Rutledge's favor, the eminently material question of whether Rutledge was involved in the fire is in dispute.

Although AEI argues that Rutledge is collaterally estopped from challenging the facts established at his criminal trial, the law in Alabama does not guarantee that result. It provides that

> [a] prior criminal conviction *can be used* in a subsequent civil action arising out of the same transaction or occurrence, as substantive, although *not conclusive*, evidence of the acts underlying the crime committed; however, such a conviction is inadmissible as substantive evidence if an appeal of the conviction is pending. **Cups Coal Co. v. Tennessee River Pulp & Paper Co.**, 519 So.2d 932 (Ala. 1988); C. Gamble, *McElroy's Alabama Evidence* § 269.05(5), at 606 (3d ed. 1977).

*Kitchens v. Maye*, 623 So.2d 1082, 1087 (Ala. 1993) (emphasis added); *see also* **Brown v. City of Hialeah**, 30 F.3d 1433, 1437 (11th Cir. 1994) (noting that as it relates to state law claims, application of collateral estoppel is governed by relevant state law). Consequently, Rutledge's conviction for committing arson in the second degree does not entitle AEI to judgment as a matter of law, and the presence in the record of conflicting testimony precludes summary judgment.

## CONCLUSION

Therefore, it is the RECOMMENDATION of the Magistrate Judge that AEI's motion for summary judgment be DENIED. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before 28 July, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  **Nettles v. Wainwright**, 677 F.2d 404 (5th Cir. 1982).  *See* **Stein v. Reynolds Securities, Inc.**, 667 F.2d 33 (11th Cir. 1982).  *See also* **Bonner v. City of Prichard**, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on 30 September 1981).

DONE this 14th day of July, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED   STATES   MAGISTRATE   JUDGE