IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY, )<br>)<br>)<br>Plaintiff,           )<br>)<br>v.                    )<br>)<br>JONATHAN RUTLEDGE, d/b/a  )<br>JONATHAN'S DELI,         )<br>)<br>Defendant.             ) | CIVIL ACTION NO.<br>2:05cv840-MHT<br>(WO) |

OPINION AND ORDER

In this case, plaintiff American Economy Insurance Company (AEI) is suing defendant Jonathan Rutledge to obtain a declaratory judgment that it is not required to provide coverage under the insurance policy it issued to Rutledge for his restaurant, which he was convicted of burning down.  Currently before the court are several pretrial motions that Rutledge made orally in open court, filed in written form, or both.

I.

On December 8, 2006, Rutledge filed a motion styled "Motion for Counterclaim." On December 14, in open court, Rutledge made an oral motion to rescind his counterclaim. Rather than reach the question of whether Rutledge's counterclaim would be permitted, the court will simply grant the motion to rescind and deny the initial motion as moot.

II.

Next, Rutledge has filed motions for a jury trial. The Federal Rules of Civil Procedure provide that a jury demand must be served "not later than 10 days after the service of the last pleading," Fed. R. Civ. P. 38(b), and that "failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury," Fed. R. Civ. P. 38(d). See LaMarca v. Turner, 995 F.2d 1526, 1545 (11th Cir. 1993). In this case, the last pleading was Rutledge's answer. Rutledge

filed a 'response' to AEI's complaint on October 25, 2005, which this court deemed an answer in an order dated October 31, 2005.  Therefore, far more than 10 days have passed since the last pleading in this case, and trial by jury has been waived.

### III.

Rutledge has also filed motions to dismiss under Rule 12.  Rutledge has cited three provisions of Rule 12: subject-matter jurisdiction, personal jurisdiction, and failure to join a party.  The court will consider each issue in turn.

#### 1.

Under the Federal Rules of Civil Procedure, a Rule (12)(b)(1) motion to dismiss based on subject-matter jurisdiction may be raised by any party at any time during the litigation.  Fed. R. Civ. P. 12(h)(3); <u>see</u> <u>Harrell & Sumner Contracting Co. v. Peabody Peterson Co.</u>,

546 F.2d 1227, 1229 (5th Cir. 1977)[1]; see also 5C Wright & Miller, Federal Practice & Procedure § 1393, at 536 (2004). Here, Rutledge argues that the Circuit Court of Barbour County, not this court, has jurisdiction over this case.

Under the federal courts' diversity-of-citizenship jurisdiction, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). According to AEI's amended complaint, Rutledge is a citizen of Alabama, AEI is a citizen of Indiana and Washington,[2] and the amount in controversy is well over

---

1. In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." 28 U.S.C. § 1332(c)(1). According to AEI's amended complaint, AEI is incorporated under the laws of the

$ 75,000. Rutledge does not dispute these facts. Therefore, at this time the court is unable to conclude it is without subject-matter jurisdiction over this case.

2.

Under the Federal Rules of Civil Procedure, a Rule 12(b)(2) defense based on lack of personal jurisdiction is waived if not raised in the defendant's first responsive pleading, whether it be in a pre-answer motion or in the answer itself. Fed. R. Civ. P. 12(h)(1); see T & R Enterprises, Inc. v. Continental Grain Co., 613 F.2d 1272, 1277 (5th Cir. 1980); see also 5C Wright & Miller § 1391, at 515. As stated, Rutledge filed his answer on October 25, 2006. That response did not raise the issue of personal jurisdiction. The record also reflects that Rutledge filed no pre-answer motions. Therefore, Rutledge's personal-jurisdiction defense has been waived.

---

State of Indiana and has its principal place of business in the State of Washington.

3.

Under the Federal Rules of Civil Procedure, a Rule 12(b)(7) defense for failure to join an indispensable party can be raised up to the close of trial.  Fed. R. Civ. P. 12(h)(2); see 5C Wright & Miller § 1392, at 530.  Such a defense requires the court to determine whether the party that the plaintiff failed to join is "indispensable" under Rule 19.

> "Rule 19 states a two-part test for determining whether a party is indispensable.  First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible.  If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue."

Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1279-80 (11th Cir. 2003).

Here, Rutledge argues that Judith Hypes, his co-owner of the business that burned down, should be joined. While it appears that Hypes was the co-owner of the real

property that was destroyed in the fire, the insurance policy being litigated in this case names Rutledge as the only person insured. Thus, Rutledge is the only person whose interests are directly affected by this litigation.

Pursuant to the two-part test described in <u>Focus on the Family</u>, the court must first determine whether Hypes is a person who should be joined if feasible under Rule 19(a).[3]  Because Rutledge is the only named insured on the AEI policy in this litigation, the court concludes

---

3. Rule 19(a) requires joinder if feasible when

> "(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

7

that Hypes is not a person who should be joined under Rule 19.  Therefore, it is not necessary to reach the second part of the test, whether Hypes is indispensable.  The case is not due to be dismissed under Rule 12(b)(7).

IV.

Lastly, Rutledge has made an oral motion to join Judith Hypes as a defendant and has filed in writing a motion to continue so that Hypes can be joined.  To the extent that Rutledge wishes to add Hypes to this litigation despite her not being an indispensable party under Rule 19(b), the court notes that the magistrate judge issued a scheduling order on May 15, 2006, in which the deadline for adding parties was set for July 10, 2006.  Therefore, Rutledge's December 14 motion to join Hypes is untimely.  The court will not permit Rutledge to add unnecessary parties at this late date, and declines to continue the trial on the basis.

* * *

Accordingly, it is ORDERED as follows:

(1) Defendant Jonathan Rutledge's oral motion to rescind his counterclaim is granted.

(2) Defendant Rutledge's written motion for counterclaim (doc. no. 40) is denied as moot.

(3) Defendant Rutledge's oral motions for jury trial, to dismiss for lack of jurisdiction, and to join Judith Hypes are denied.

(4) Defendant Rutledge's written motions for jury trial (doc. no. 47), to dismiss for lack of jurisdiction (doc. no. 48), and to continue (doc. no. 49) are denied.

DONE, this the 20th day of December, 2006.

                          /s/ Myron H. Thompson
                          **UNITED STATES DISTRICT JUDGE**