IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
AMERICAN ECONOMY INSURANCE  )
COMPANY,                    )
                            )
    Plaintiff,              )
                            )    CIVIL ACTION NO.
    v.                      )      2:05cv840-MHT
                            )          (WO)
JONATHAN RUTLEDGE, d/b/a    )
JONATHAN'S DELI,            )
                            )
    Defendant.              )
```

OPINION AND ORDER

In this civil action, plaintiff American Economy Insurance Company (AEI) seeks a declaratory judgment that would relieve it from owing coverage to defendant Jonathan Rutledge, who has already been convicted in state court of burning down the insured property. This cause is set for trial on January 16, 2007. Now before the court is AEI's motion to use former testimony from Rutledge's criminal trial pursuant to the hearsay exception for unavailable witnesses. Having considered

said motion and Rutledge's objection thereto, the court, for the following reasons, will grant the motion in part.

## I.

Federal Rule of Evidence 804 provides that, under certain circumstances, the former sworn testimony of an unavailable witness can be used in a civil trial. First, the declarant must be unavailable: "'Unavailability as a witness' includes situations in which the declarant ... is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance ... by process or other reasonable means." Fed. R. Evid. 804(a)(5). Second, the party against whom the former testimony is offered must have had "an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1).

## II.

In this case, AEI has moved to admit former testimony from three witnesses. One witness, Edward Caldwell, is not under subpoena because AEI was unable to locate him. It is therefore fairly clear that he will not be present at trial. Two other witnesses, Tim Anderson and Priscilla Jones, are in the custody of the Alabama Department of Corrections. They have been placed under subpoena and the court has issued an order commanding their attendance at trial. AEI informs the court that the United States Marshal Service cannot guarantee their attendance and consequently has moved for the admission of their former testimony in the event that they do not appear.

Because Caldwell's attendance is unlikely, the court will rule now on AEI's motion as it pertains to Caldwell's former testimony. The court will not rule on the motion as it pertains to Anderson's and Jones's

testimony because their attendance at trial is more likely and would render the motion moot.

### III.

#### A.

The first question is whether Caldwell meets the definition of "unavailability as a witness." Fed. R. Evid. 804(a). Counsel for AEI has described in detail, in a sworn statement, AEI's extensive, but unsuccessful, efforts to locate Caldwell. The court is satisfied that AEI has made a thorough and good-faith effort to procure Caldwell's attendance at trial by all reasonable means. Therefore, in the event that Caldwell is absent from trial, Caldwell will meet the criteria for unavailability under the Federal Rules of Evidence.

#### B.

The next question is whether Rutledge had an opportunity and similar motive to develop Caldwell's

former testimony. Fed. R. Evid. 804(b)(1). A threshold requirement of Rule 804(b)(1)'s "opportunity" guarantee is that the party against whom former testimony is offered be the same party against whom it was offered in the former proceeding. Cotchett, <u>Federal Courtroom Evidence</u> § 804.3.1, at 22-78 (5th ed. 2006). That requirement is satisfied in this case, as Caldwell's former testimony comes from Rutledge's criminal trial.

Rutledge's objection is based on two arguments. First, Rutledge argues that he did not have an opportunity to cross-examine Caldwell because Caldwell's testimony at the criminal trial was not live--it was a transcript of a telephone deposition that was read aloud to the jury. While it is true that Caldwell's testimony at trial was by deposition, that deposition was attended by the prosecutor, defense counsel, and the trial judge. Defense counsel was able to make objections, which were immediately ruled upon by the trial judge. And after Caldwell's direct examination, Rutledge's counsel

undertook a complete cross-examination of Caldwell. Therefore, Rutledge did have an opportunity to cross-examine Caldwell. That Caldwell's former testimony occurred by deposition is immaterial to the "opportunity" guarantee of Rule 804(b)(1).

Second, Rutledge argues that he lacked the opportunity to confront Caldwell because his Sixth Amendment right to effective assistance of counsel was violated at his criminal trial. As far as the court knows, postconviction review of Rutledge's criminal case has not yet reached the stage where an ineffective-assistance claim has been ruled upon. However, this court has reviewed the trial testimony of Caldwell, including the cross-examination of Caldwell by Rutledge's criminal-trial counsel. Without making any findings as to the overall effectiveness of the representation Rutledge received, this court is satisfied that Rutledge's trial counsel undertook an effective cross-examination of Caldwell within the meaning of Rule

804(b)(1).  See United States v. King, 713 F.2d 627, 630 (11th Cir. 1983).  Therefore, the "opportunity" guarantee of Rule 804(b)(1) is met in this case.

C.

Lastly, Rule 804(b)(1) requires that Rutledge have had a "similar motive" to develop Caldwell's former testimony.  "Similar motive" does not mean "identical motive," and the similar-motive inquiry is inherently factual.  United States v. Salerno, 505 U.S. 317, 326 (1992) (Blackmun, J., concurring); United States v. Miles, 290 F.3d 1341, 1352-53 (11th Cir. 2002); Cotchett, Federal Courtroom Evidence § 804.3.1, at 22-80.  Rather, the court must consider the similarity of the issue for which the testimony is offered, as well the similarity of Rutledge's degree of interest in that issue.  See United States v. DiNapoli, 8 F.3d 909, 912-13 (2d Cir. 1993) (en banc).  Although this case is a civil action by an insurance company seeking a declaratory judgment and the

7

former testimony comes from a criminal trial where Rutledge was charged with arson, the testimony is offered for the same <u>issue</u> in both cases: whether Rutledge burned down his own store.  Furthermore, Rutledge's <u>interest</u> in his position on that issue (which is that he did <u>not</u> burn down his own store) was at least as intense in his criminal trial as it is in this civil action.  Therefore, the court has no trouble in finding that the "similar motive" guarantee of Rule 804(b)(1) is met in this case.

* * *

Accordingly, it is ORDERED as follows:

(1) Plaintiff American Economy Insurance Company's motion to use former testimony of unavailable witnesses (doc. no. 61) is granted as to witness Edward Caldwell.

(2) Plaintiff American Economy Insurance Company's motion remains under submission as to witnesses Priscilla Jones and Tim Anderson.

DONE, this the 12th day of January, 2007.

                         /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE