IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
AMERICAN ECONOMY INSURANCE  )
COMPANY,                    )
                            )
    Plaintiff,              )
                            )    CIVIL ACTION NO.
    v.                      )    2:05cv840-MHT
                            )        (WO)
JONATHAN RUTLEDGE, d/b/a    )
JONATHAN'S DELI,            )
                            )
    Defendant.              )
```

OPINION

In this civil action, plaintiff American Economy Insurance Company (AEI) seeks a declaratory judgment that would relieve it from owing coverage to defendant Jonathan Rutledge, whom AEI alleges burned down the insured property. Jurisdiction is proper under 28 U.S.C. § 1332. On January 16, 2007, this court conducted a one-day bench trial. Having heard the testimony and reviewed the evidence and arguments presented in this case, the court concludes that AEI is entitled to the declaratory relief it seeks.

I.

The evidence presented at trial reflects the following facts.  On January 15, 2005, AEI issued a businessowner's insurance policy to Rutledge, which included coverage for Rutledge's property at 316 Highway 51 South in Clayton, Alabama.  At the time AEI issued the policy to Rutledge, the property was owned by Putter Downs, Inc., of which Rutledge was the majority shareholder.  The policy itself was issued in Rutledge's name.  Its maximum coverage limits under the policy were $ 355,000 for the building and $ 20,000 for its contents.

The insurance policy included the standard provisions relating to dishonesty, misrepresentation, fraud, and criminal acts.  The policy expressly excluded coverage for damages or loss caused by dishonest or criminal acts by the insured, certain agents of the insured, or anyone else with an interest in the property.  The policy was also void in the case of fraud or intentional misrepresentation or concealment of a material fact by

2

the insured as it relates to the policy, the covered property, the policyholder's interest in the property, or any claim under the policy.

On February 23, 2005, Rutledge's property was destroyed by fire.  On April 11, 2005, Rutledge filed an claim for $ 676,792.83.

The evidence that Rutledge intentionally set the fire is circumstantial, but nonetheless overwhelming.  First, the evidence reflects that the fire was deliberately set.  Second, Rutledge was having serious financial problems at the time of the fire.  Third, before the fire, Rutledge discussed with several people how he could burn down the building and how he could obtain insurance proceeds for such.  Rutledge even enlisted the aid of at least one person to collect receipts of items Rutledge could credibly claim coverage for even though they were not in the building.

Based on this evidence, the court finds by a preponderance of the evidence that Rutledge intentionally burned down the insured property.


II.

AEI offers several valid legal bases for its claim. First, under Alabama law, arson is a complete defense to an action upon the policy. Mueller v. Hartford Ins. Co. of Alabama, 475 So.2d 554, 557 (Ala. 1985). When an insurance company seeks a declaratory judgment to relieve it from owing coverage, the arson 'defense' becomes part of the plaintiff company's prima facie case. See Bush v. Alabama Farm Bureau Mut. Cas. Ins. Co., 576 So.2d 175, 179 (Ala. 1991). "In order to establish a prima facie case of arson for the purpose of denying coverage under a fire policy, the insurance company must present (1) evidence of arson by someone, (2) evidence of motive on the part of the insured, and (3) evidence implicating the insured." Id. Here, these three elements are easily met

by evidence that (1) the fire was deliberately set; (2) Rutledge was in financial difficulty at the time of the fire; and (3) Rutledge initiated discussions with others regarding burning down the business to obtain the insurance proceeds.

AEI has additional grounds for relief that sound in contract law. The insurance policy issued by AEI to Rutledge unambiguously excludes coverage for losses caused by criminal acts by the insured, and arson is a criminal act. See 1975 Ala. Code § 13A-7-42. The insurance policy also states that it is void if the insured intentionally conceals or misrepresents a material fact concerning a claim under the policy, and Rutledge's failure to disclose to AEI that he burned down his building certainly falls within this provision of the policy.

In sum, once AEI has proved by a preponderance of the evidence that Rutledge intentionally destroyed the insured property, the law clearly supports its legal

claim for declaratory relief on any one of the several foregoing grounds.  Given this court's finding that Rutledge did indeed intentionally burn down his own building, the court has no difficulty concluding that AEI is due the relief it seeks: a declaration that the insurance policy issued by AEI to Rutledge provides no coverage for Rutledge's claim.

An appropriate judgment will be issued.

DONE, this the 18th day of January, 2007.

                                         /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE